**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE HANSEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5320-NRB |
| TODD A. WRIGHT, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORP., ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5324-DC |
| DENISE A. TUTTLE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5578-DC |

| | |
|---|---|
| ROBERT M. COMINSKY, ET AL., Individually and on behalf of the Wachovia Savings Plan and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>        Defendants. | Civil Action No.: 1:08-cv-5990-UA |
| JASON T. WILLARD, On Behalf of Himself And All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>        Defendants. | Civil Action No.: 1:08-cv-6196-UA |

**PLAINTIFF JASON WILLARD'S MOTION TO CONSOLIDATE ERISA CASES, APPOINT WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CLASS COUNSEL AND FOR ENTRY OF PRETRIAL ORDER NO. 1**

Plaintiff Jason Willard ("Plaintiff") respectfully moves this Court to consolidate the above-captioned cases (the "ERISA cases"), appoint Interim Class Counsel and for entry of Pretrial Order No. 1 (attached hereto). In support of his motion, Plaintiff avers as follows:

1. Plaintiff filed a complaint against Wachovia Corporation ("Wachovia" or the "Company") and certain Wachovia executives and employees, collectively, "Defendants," fiduciaries of the Wachovia Savings Plan (the "Plan"), a defined contribution plan established and/or sponsored by Wachovia as a benefit for its employees. The complaint was filed by Plaintiff individually, on behalf of the Plan and as a representative of a proposed Class of Plan participants and beneficiaries.

2. Plaintiff's claims arise from, *inter alia*, the failure of the Defendants-fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1105. More specifically, Plaintiff alleges, *inter alia*, that the Defendants-fiduciaries violated their fiduciary obligations by:

   a. failing to properly monitor the Plan and the committee(s) charged with the administration of the Plan and investment of its assets;

   b. failing to prudently manage the assets of the Plan by continuing to acquire and maintain existing shares of Wachovia stock for the Plan under circumstances in which Wachovia stock was a plainly unsuitable and imprudent investment option for the Plan and its participants; and

c. enabling their co-fiduciaries to commit violations of ERISA and, with knowledge of these breaches, failing to make reasonable efforts to remedy these breaches.

3. Plaintiff seeks relief pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a). Plaintiff alleges, *inter alia*, that Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

4. To the best of Plaintiff's knowledge, the following actions have been filed in this District seeking similar relief based upon similar violations of ERISA:

a. *Hansen v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5320-NRB.

b. *Wright v. Wachovia Corp. et al.*, Civil Action No.: 1:08-cv-05324-DC.

c. *Tuttle v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5578-DC.

d. *Cominsky, et al., v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05990-UA.

The first-filed of these related actions, *Hansen*, was originally assigned to the Hon. Shira A. Scheindlin. On July 8, 2008, Judge Scheindlin rejected the related case designation for *Hansen*. *Hansen* has now been re-assigned to the Hon. Naomi R. Buchwald.

5. Furthermore, pending in this District are actions filed by holders of auction rate securities against Wachovia and certain officers and directors of the Company seeking relief for Defendants' alleged violations of federal securities laws. These actions may share certain factual predicates with the ERISA actions, but they involve different (i) theories of liability, (ii) parties (or parties' roles – corporate officer v. ERISA plan fiduciary), (iii) class composition, (iv) measure of damages, and (v) pleading standards.

6. Because it is likely that additional actions containing similar allegations and seeking the same relief on behalf of an identical class may be filed, in accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*"), it is appropriate for the Court to enter an Order setting forth procedures for the management of these cases and appointing a leadership structure for plaintiffs' counsel. *See also* FED. R. CIV. P. 23(g)(2)(A).

7. Plaintiff respectfully moves this Court for an Order formally consolidating these ERISA cases with each other as well as with any future ERISA actions that may be filed, and setting forth a procedure for the efficient management of these cases, including the appointment of a leadership structure for plaintiffs' counsel.

8. In accordance with the recommendations of the *Manual* and FED. R. CIV. P. 23(g)(2)(A), Plaintiff submits for the Court's consideration a proposed form of Pretrial Order No. 1, which provides for, *inter alia*: the consolidation of the above-captioned action and any substantially similar actions subsequently filed in or transferred to this District; the designation of a Master File Docket number; the establishment of efficient procedures for the filing and docketing of papers with the Clerk of this Court; the appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim Class Counsel for all ERISA plaintiffs and the proposed class; and a preliminary schedule for these proceedings.

9. Wolf Haldenstein will coordinate and organize the ERISA plaintiffs and proposed class in the conduct of this litigation, and will ensure that the interests of ERISA plaintiffs and the proposed class are represented in the prosecution of this action. Counsel respectfully submits that the proposed leadership schedule will be appropriate for the above-captioned action and any others arising out of the same operative facts.

10. In support of his Motion, Plaintiff Willard respectfully submits an accompanying Memorandum in Support.

Dated: July 10, 2008                                    Respectfully submitted,

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**


/s/ Matthew M. Guiney
Mark C. Rifkin
Scott J. Farrell
Matthew M. Guiney
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

*Counsel for Plaintiff Jason Willard and
Proposed Interim Class Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to registered CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

                                      **WOLF HALDENSTEIN ADLER**
                                      **FREEMAN & HERZ LLP**

                                   <u>/s/ Matthew M. Guiney</u>
                                      Matthew M. Guiney

514993

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE HANSEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5320-NRB |
| TODD A. WRIGHT, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORP., ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5324-DC |
| DENISE A. TUTTLE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5578-DC |

| | |
|---|---|
| ROBERT M. COMINSKY, ET AL., Individually and on behalf of the Wachovia Savings Plan and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No.: 1:08-cv-5990-UA |
| JASON T. WILLARD, On Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No.: 1:08-cv-6196-UA |

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") involving the Wachovia Savings Plan (the "Plan"), a defined contribution plan established and/or sponsored by Wachovia Corporation ("Wachovia") as a benefit for its employees;

WHEREAS, the Court has determined that any substantially similar future actions should be consolidated with this action and that the appointment of an Interim Class Counsel is appropriate and consistent with Federal Rule of Civil Procedure 23(g) and the recommendations of the *Manual for Complex Litigation* (4th ed. 2004);

**I.    CONSOLIDATION OF RELATED ACTIONS**

1. The above-captioned ERISA actions and any action arising out of the same operative facts and alleging causes of action under ERISA now pending, or hereafter filed in or transferred to this Court, are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Wachovia Corporation ERISA Litigation*, Master File No. 1:08-cv-05320-NRB.

**II.    CAPTION OF CASES**

2. Every pleading in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WACHOVIA CORPORATION ERISA LITIGATION ) ) ) ) ) | **MASTER FILE NO. 1:08-cv-05320-NRB** |
| THIS DOCUMENT RELATES TO: ) ) ) | |

3. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

3

**III.    MASTER DOCKET**

4. A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in the Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

6. When a paper is filed and the caption shows that it is applicable to fewer than "All Actions," the Clerk shall file the original of the paper in the Master Docket and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

**IV.    MASTER FILE AND SEPARATE ACTIONS**

7. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be 1:08-cv-05320-NRB. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions that may be filed and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions that may be filed.

V.  **NEWLY FILED OR TRANSFERRED ACTIONS**

8. When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and the Clerk of the Court shall:

(a) File a copy of this Order in the separate file for such action;

(b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c) Make the appropriate entry in the Master Docket.

9. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

VI.  **APPLICATION OF THIS ORDER TO SUBSEQUENT CASES**

10. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of the Plan and/or participants in or beneficiaries of the Plan.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the Counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate

complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. ORGANIZATION OF COUNSEL

12. The Court designates Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016, as Interim Class Counsel for the Consolidated Action, with the responsibilities hereinafter described:

13. Interim Class Counsel shall have the authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution or resolution of their case. Interim Class Counsel is also charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case. Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed. R. Civ. P. 5(a) by serving Interim Class Counsel.

## VIII. SCOPE OF ORDER

14. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

## VIII. PRELIMINARY SCHEDULE OF PROCEEDINGS

15. The following preliminary schedule of proceedings is hereby entered:

(a) Plaintiffs shall file a consolidated complaint within 45 days of the entry of this Order. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions which may become consolidated with the action herein. Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to the complaint on file or to any actions subsequently consolidated with the complaint;

(b) Defendants shall have 45 days from service of the consolidated complaint to answer or otherwise respond; and

(c) In the event any of the defendants file a motion directed at the consolidated complaint, the parties shall meet and confer regarding a briefing schedule for opposition and reply briefs.

**DONE AND ORDERED** this _____ day of _____, 2008.

_____
Naomi Reice Buchwald
U.S. District Court Judge

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to registered CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**


      /s/ Matthew M. Guiney
           Matthew M. Guiney