UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
ROSE HANSEN, individually, and on behalf of all :
others similarly situated, :
                                                :
        Plaintiff, :
                                                :
v. : Civil Action No.: 08-cv-05320-NRB
                                                :
WACHOVIA CORPORATION, Wachovia Bank, :
National Association, John D. Baker, II, James S. :
Balloun, Robert J. Brown, John T. Casteen, III, :
Jerry Gritt, Jr. William H. Goodwin, III, Robert :
A. Ingram, Donald M. James, Mackey J. :
MacDonald, Joseph Neubauer, Lloyd U. :
Noland, Timothy D. Proctor, Ernest S. Rady, :
Van L. Richey, Ruth G. Shaw, Lanty L. Smith, :
G. Kennedy Thompson, John C. Whitaker, Jr., :
Dona Davis Young, Management Resources & :
Compensation Committee Benefits Committee, :
Benjamin J. Jolley and Does1-100, :
                                                :
        Defendants. :
-------------------------------------------------------------x
TODD A. WRIGHT, individually, and on behalf of :
all others similarly situated, :
                                                :
        Plaintiff, :
                                                :
v. : Civil Action No.: 08-cv-05324-DC
                                                :
WACHOVIA CORP., John D. Baker, II, Peter C. :
Browning, John T Casteen, III, Jerome A. Gitt, Jr., :
William H. Goodwin, III, Maryellen C. Herringer, :
Robert A. Ingram, Donald M. James, Mackey J. :
McDonald, Joseph Neubauer, Timothy D. Proctor, :
Ernest S. Rady, Van L. Richey, Ruth G. Shaw, :
Lanty L. Smith, G. Kennedy Thompson, Donna :
Davis Young, Benjamin J Jolly, Shannon :
McFayden and John and Jane Does 1-20 :
                                                :
        Defendants. :
-------------------------------------------------------------x

```
----------------------------------------------------------x
DENISE A. TUTTLE, on behalf of herself and    :
all others similarly situated,                :
                                              :
                                              :
        Plaintiff,                            :
                                              :
v.                                            :        Civil Action No.: 08-cv-05578-DC
                                              :
Wachovia Corporation, John D. Baker, II, Peter C. :
Browning, John T. Casteen, III, Jerome A. Gitt, :
William H. Goodwin, JR, Maryellen C. Herringer, :
Robert A. Ingram, Donald M. James, Mackey J.  :
McDonald, Joseph Neubauer, Timothy D. Proctor, :
Ernest S. Rady, Van L. Richey, Ruth G. Shaw,  :
Lanty L. Smith, G. Kennedy Thompson, Dona     :
Davis Young, Benjamin J. Jolley, Shannon      :
McFayden, Jane Does 1-40 and John Does 1-40,  :
                                              :
        Defendants.                           :
----------------------------------------------------------x
ROBERT M. COMINSKY, Barbara Pegues,           :
Sharon Creel and Peter J. Zeman,  individually, :
on behalf of the Wachovia Savings Plan, and   :
all others similarly situated,                :
                                              :
        Plaintiffs,                           :
        v.                                    :        Civil Action No.: 08-cv-05990-UA
                                              :
Wachovia Corporation, Wachovia Bank,          :
National Association, Wachovia Benefits       :
Committee, Benjamin J. Jolley, John Does 1-10, :
Wachovia Board of Directors, John Baker II,   :
James Balloun, Robert Brown, Peter Browning,  :
John Casteen III, Jerry Gitt, William Goodwin Jr., :
Maryellen Herringer, Robert Ingram, Donald    :
James, Mackey McDonald, Wallace Malone,       :
Joseph Neubauer, Lloyd Noland III, Timothy    :
Proctor, Ernest Rady, Van Richey, Ruth Shaw,  :
Lanty Smith, G. Kennedy Thompson, John        :
Whitaker Jr. and Dona Young,                  :
                                              :
        Defendants.                           :
----------------------------------------------------------x
```

```
-----------------------------------------------------------------x
JASON T. WILLARD, on behalf of himself and        :
all others similarly situated,                     :
                                                   :
        Plaintiff,                                 :
                                                   :
v.                                                 :        Civil Action No.: 08-cv-06196-UA
                                                   :
Wachovia Corporation, G. Kennedy Thompson,         :
John D. Baker, III, Peter C. Browning, John T.     :
Casteen, III, Jerome A. Gitt, William H. Goodwin,  :
III, Maryellen C. Herringer, Robert A. Ingram,     :
Donald M. James, Mackey J. McDonald, Joseph        :
Neubauer, Timothy D. Proctor, Ernest S. Rady,      :
Van L. Richey, Ruth G. Shaw, Lanty L. Smith,       :
Dona Davis Young, Thomas J. Wurtz, Benjamin J.     :
Jolley, Wachovia Benefits Committee,               :
Management Resource & Compensation                 :
Committee and John Does 1-10                       :
                                                   :
        Defendants.                                :
-----------------------------------------------------------------x
```

**PLAINTIFFS' ROBERT M. COMINSKY, BARBARA PEGUES,
SHARON CREEL AND PETER J. ZEMAN'S MEMORANDUM IN SUPPORT
OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND
FOR APPOINTMENT OF INTERIM LEAD PLAINTIFFS,
INTERIM LEAD COUNSEL AND INTERIM LIAISON COUNSEL**

Plaintiffs Robert M. Cominsky, Barbara Pegues, Sharon Creel and Peter J. Zeman ("Cominsky Plaintiffs" or "Plaintiffs") submit this Memorandum of Law in Support of their Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Interim Lead Counsel and Interim Liaison Counsel. Plaintiffs respectfully request that the Court appoint Robert M. Cominsky, Barbara Pegues, Sharon Creel and Peter J. Zeman as Interim Lead Plaintiffs, Izard Nobel LLP ("Izard Nobel") as Interim Lead Counsel and Sarraf Gentile LLP ("Sarraf Gentile") as Interim Liaison Counsel in the above captioned ERISA actions.

## I. INTRODUCTION

Each of the proposed consolidated cases herein is a class action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (the "ERISA Actions") against Wachovia Corporation ("Wachovia" or the "Company") and other fiduciaries of the Wachovia Savings Plan ("Plan"). Plaintiffs claim that the Defendants improperly permitted the Plan to invest in the Wachovia Corporation Common Stock Fund (ESOP) and the Wachovia Corporation Common Stock Fund Non-ESOP (collectively, "Funds") when the prices of Wachovia common stock and shares of the Funds were artificially inflated due to Defendants' misrepresentations and failures to disclose material adverse information concerning Wachovia's massive risks and liabilities arising out of its structured and mortgage lending businesses. Plaintiffs primarily seek relief on behalf of the Plan pursuant to section 502(a)(2) of ERISA, 29 U.S.C. § 1 132(a)(2), because the Plan sustained losses as a result of the imprudent investment of Plan assets in the Funds. Under ERISA § 409, 29 U.S.C. § 1109, Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

Plaintiffs submit for the Court's approval a proposed order which anticipates the parties' agreement on most elements of the orderly procedure for this action. The proposed order will

not only promote the efficient conduct of this action, but is also consistent with the

recommendations of the Manual for Complex Litigation (4th ed. 2004) ("Manual") and the

requirements of Fed. R. Civ. P. 23(g).

## II. ARGUMENT

### 1.    The ERISA Actions Meet the Requirements of FRCP 42(a) for Consolidation.

The above-captioned ERISA Actions assert claims under ERISA against similar

Defendants and involve common questions of law or fact.  When actions involving a common

question of law or fact are pending before a court, the court may order all the actions

consolidated, and it may make such orders concerning proceedings therein as may tend to avoid

unnecessary cost or delay.  Fed. R. Civ. P. 42(a).  *See* Johnson v. Celotex Corp., 899 F.2d 1281,

1285 (2d Cir.1990) ("In the exercise of discretion, courts have taken the view that considerations

of judicial economy favor consolidation"); Cole v. Schenley Industries, Inc., 563 F.2d 35, 39 (2d

Cir. 1977) ("Consolidation under Rule 42(a), Fed.R.Civ.P., is a procedural device designed to

promote judicial economy").

Where multiple actions turn on allegations that a company breached its fiduciary duties

under ERISA to plan participants and beneficiaries, consolidation pursuant to Fed. R. Civ. P.

42(a) is appropriate.  *See* Manual § 10.123 (in complex litigation, related proceedings should be

coordinated to further efficiency and effective case administration).  Consolidating these actions

would avoid the unnecessary waste of judicial resources and additional cost and delay to the

parties.  Because consolidation would be to the benefit of all parties involved, these actions

should be consolidated pursuant to Fed. R. Civ. P. 42(a).

2.    **The [Proposed] Pretrial Order No. 1 Establishes Orderly and Efficient Procedures for the Management of these Cases.**

Plaintiffs further request, for purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations be consolidated herewith and subject to the Court's Order. In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.

Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See* Manual § 11.21. In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.

3.    **Robert M. Cominsky, Barbara Pegues, Sharon Creel and Peter J. Zeman Should Be Appointed Interim Lead Plaintiffs**

On an interim basis pending class certification, Plaintiffs seek to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). They are well qualified for this fundamentally important role because of the detrimental effect the Defendant-fiduciaries' breaches had on their Plan accounts and their strong commitment to serve the best interests of the other Class members.

Specifically, Plaintiffs are Plan participants who held shares of the Funds in their Plan accounts during the Class Period. These investments have been decimated by the failure of the

fiduciaries of the Plan to do what was necessary under the law to protect the Plan. They have stepped forward as Class representatives to seek relief on behalf of the Plan for the enormous losses that have been suffered in this case. Their interest is directly aligned with the other members of the Class in that pursuant to ERISA § 502(a)(2) – they seek to restore to the Plan losses suffered by the Plan caused by Defendants' breaches of fiduciary duty.

Plaintiffs have shown their commitment to serve as Lead Plaintiffs for the proposed Class by providing relevant information to proposed Lead Counsel and expressing a willingness to work closely with counsel to continue the prosecution of his case on behalf of the Plan and the proposed Class. They retained experienced counsel with unparalleled experience in this type of litigation to prosecute this action.

For these reasons, Plaintiffs respectfully requests that they be appointed Interim Lead Plaintiffs in this case.

### 4.      Izard Nobel Should Be Appointed Interim Lead Counsel

The proposed order implements the procedures suggested by the Manual for complex, multi-party cases such as this by designating interim Lead Counsel for all plaintiffs. *See* Manual § 20.22. Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

As stated in the Manual for Complex Litigation, in determining lead counsel, courts should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual § 10.22.

-4-

In appointing class counsel, the court must consider the following four factors:

(1)    the work counsel has done in identifying or investigating potential claims in the action,

(2)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(3)    counsel's knowledge of the applicable law, and

(4)    the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i). "If more than one adequate applicant seeks appointment as class

counsel, the court must appoint the applicant best able to represent the interests of the class."

Fed. R. Civ. P. 23(g)(2)(B).

Plaintiff proposes the following counsel structure:

Interim Lead Counsel for the Class:

Robert A. Izard
IZARD NOBEL LLP
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 493-6293
Facsimile: (860) 493-6290

Interim Liaison Counsel for the Class:

Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
11 Hanover Square, 2nd Floor
New York, NY 10005
Telephone: (212) 868-3610
Facsimile (212) 918-7967

Counsel for Plaintiffs respectfully submit that when measured against the relevant four

factors set forth by the Manual, Plaintiffs' chosen counsel should be appointed lead counsel.

-5-

A.    **Izard Nobel Has Superior Experience in ERISA Class Actions and Depth of Knowledge of the Applicable ERISA Law**

Izard Nobel[1] has substantial experience with other class actions and, in particular, ERISA 401(k) plan class action litigation.  The firm has an extremely successful track record in ERISA class actions, including recoveries of $100 million (In re AOL Time Warner, Inc. Sec. and ERISA Litig., MDL Docket No. 1500 (SWK) (S.D.N.Y)), $40 million (In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D. Ohio)) and $29 million (Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.)). The firm serves or has served as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- In re AOL Time Warner, Inc. Securities and ERISA Litig., No. 02-1500 (S.D.N.Y);

- In re Tyco International, Ltd., Securities Litig., No. 02-1335-B (D. N.H.);

- Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.);

- In re Reliant Energy ERISA Litig., No. 02-2051 (S.D. Tex.);

- In re Sprint Corporation ERISA Litig., No. 03-2202 (D. Kan.);

- In re AEP ERISA Litig., No. 03-67 (S.D. Ohio);

- In re JDS Uniphase Corp. ERISA Litig., No. 03-4743 (N.D. Cal.);

- In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D.Ohio);

- Spear v. Hartford Fin. Svcs Group. Inc., No. 04-1790 (D.Conn.);

- In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig., 05-2369 (D.N.J.);[2]

- In re Bausch & Lomb, Inc. ERISA Litig., No. 06-6297 (W.D.N.Y.);

---

[1] Izard Nobel appeared in earlier ERISA actions under the firm's previous names "Schatz Nobel Izard, P.C." or "Schatz & Nobel, P.C."

[2] Izard Nobel is the Chair of the Lead Counsel Committee.

- <u>In re Diebold ERISA Litig.</u> No. 06-0170 (N.D. Ohio);

- <u>In re Dell, Inc. ERISA Litig.</u>, No. 06-758 (W.D. Tex.); and

- <u>In re First American Corp. ERISA Litig.</u>, No. 07-1357 (C.D. Cal.).

Izard Nobel is on the Executive Committees in the following cases:

- <u>In re Enron Corporation Sec. and ERISA Litig.</u>, No. 02-13624 (S.D. Tex.);

- <u>In re Electronic Data Systems Corp. ERISA Litig.</u>, No. 03-1512 (E.D. Tex.); and

- <u>In re Marsh ERISA Litig.</u>, No. 04-8157 (S.D.N.Y.).

In ruling on vigorously contested motions for appointment of interim lead counsel, other Courts have recognized Izard Nobel's superior expertise in ERISA class actions. In <u>Merck</u>, the Court stated, "What is clear is that Schatz & Nobel does have substantial experience in this area and much more experience than other contenders." <u>In re Merck Sec., ERISA and Deriv. Litig.</u>, No. 05-1157 (D.N.J. Apr. 18, 2005) at 24 (attached to the Declaration of Robert A. Izard ("Izard Decl.") as Exhibit A). Similarly, the <u>Tyco</u> court found that Izard Nobel and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." <u>In re Tyco International, Ltd. Sec. Litig.</u>, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (attached to the Izard Decl as Exhibit B). In <u>Cardinal</u>, the court also noted Izard Nobel's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues." <u>In re Cardinal Health, Inc. ERISA Litig.</u>, 225 F.R.D.552, 555-6 (S.D.Ohio 2005).

Courts have recognized the superior results obtained by Izard Nobel as a result of its experience.  For example, in the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement

plans expected the case to settle for only $70 million. In re AOL Time Warner, Inc. Sec. and ERISA Litig., No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7 (attached as Exhibit C to the Izard Decl.), approved by the Court by Memorandum Opinion dated October 26, 2007 (attached as Exhibit D to the Izard Decl.).  The Special Master reviewing an application for attorneys' fees found that in addition to the fact that the quality of counsel's work was "impressive," "[e]ven more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected." Id. at 30.   According to the Special Master, obtaining an additional $30 million for the class stands out as "some of the hardest work and most outstanding results" obtained by Izard Nobel and its co-counsel. Id at 37.  In negotiating this extraordinary settlement, Izard Nobel "stretched the defendants' settlement tolerances beyond their limits." Id.

Moreover, the Court found that Izard Nobel worked with great efficiency.  After conducting a "moderately detailed examination of counsels' actual time records," the Special Master lauded the efficiency with which counsel litigated such a large case which inherently tends to produce inefficiencies. Id. at 26, 43.

Similarly, in approving the Sprint settlement, the Court found, "[t]he high quality of [Izard Nobel's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." In re Sprint Corp. ERISA Litig., No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 33, 35 (attached to the Izard Decl as Exhibit E).

Izard Nobel's ERISA team is led by Robert A. Izard.  Mr. Izard is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association. He received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law

Journal.  Mr. Izard has substantial jury and nonjury trial experience, including a seven-month

jury trial in federal district court.  He is experienced in various forms of alternative dispute

resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR

Institute for Dispute Resolution. Mr. Izard is the author of Lawyers and Lawsuits: A Guide to

Litigation published by Simon and Schuster.  A copy of the firm's resume is attached to the

Izard Decl. as Exhibit F.

### B.    Izard Nobel Has Already Done Substantial Work And Will Commit Ample Resources In The Future To Represent The Class

As evidenced by its detailed complaint, Izard Nobel has already committed substantial

effort to investigating the claims in this case.  Moreover, it has served on Defendants a request

for all Plan documents pursuant to ERISA § 104(b)(4), a copy of which is attached to the Izard

Decl. as Exhibit G.  Izard Nobel has also served notice of this action on the United States

Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h), a copy of

which is attached to the Izard Decl. as Exhibit H.

Izard Nobel is prepared to commit the significant additional financial and personnel

resources necessary to prosecute this action.  Izard Nobel's readiness can be judged, in part, by

the fact that it has already successfully litigated several of the largest ERISA cases in the

country, against most of the nation's most powerful defense firms.  Izard Nobel will certainly

continue that level of commitment with this case.

### 5.    Sarraf Gentile Should Be Appointed Interim Liaison Counsel

Sarraf Gentile has substantial experience prosecuting class actions, in general, and those

arising under ERISA, in particular.  Among the numerous ERISA class actions in which the firm

has participated as counsel for the class, the firm has served as lead counsel, and recouped

millions of dollars on behalf of retirees, in the following actions:  In re RCN Corp. ERISA Litigation, No. 04-cv-5068 (D.N.J.) ($5.375 million settlement); In re Ferro Corp. ERISA Litigation, No. 05-cv-1594 (N.D. Ohio) ($4 million settlement); Francis v. Comerica, Inc., et al, No. 05-cv-74038 (E.D. Mich.) ($2.02 million settlement); In re Avery Dennison Corp. ERISA Litigation, No. 05-cv-3708 (C.D. Cal.); Mellott v. ChoicePoint, Inc., et al., No. 05-cv-1340 (N.D. GA.).

Sarraf Gentile is also serving as interim class counsel in a complex ERISA class action pending in this District and has recently obtained preliminary approval of the roughly $9 million settlement of the numerous and complex ERISA claims that were at one point pending in the Second Circuit, this District and the Bankruptcy Court for this District. See Dickerson v. Feldman, et al., No. 06-cv-1616 (2d Cir.); Reiff v. Metz, et al., No. 07-cv-6011 (SDNY); In re Solutia Inc., et al., No. 03-17949 (SDNY Bank.).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court enter the proposed order, consolidating the above-captioned action, appointing Plaintiffs as Interim Lead Plaintiffs, and appointing the leadership structure of Izard Nobel as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g) and Sarraf Gentile as Interim Liaison Counsel.

Dated: July 18, 2008                          Respectfully submitted:


                                              **SARRAF GENTILE LLP**


                                              By:  /s/ Ronen Sarraf
                                                  Ronen Sarraf
                                                  Joseph Gentile
                                                  11 Hanover Square, 2nd Floor
                                                  New York, NY 10005
                                                  Telephone: (212) 868-3610
                                                  Facsimile: (212) 918-7967
                                                  *ronen@sarrafgentile.com*
                                                  *joseph@sarrafgentile.com*

                                                  Robert A. Izard
                                                  **IZARD NOBEL LLP**
                                                  20 Church St., 17th Floor
                                                  Hartford, CT 06103
                                                  Telephone: (860) 493-6293
                                                  Facsimile: (860) 493-6290
                                                  *rizard@izardnobel.com*


                                                  Edwin J. Mills
                                                  **STULL STULL & BRODY**
                                                  6 East 45th Street
                                                  New York, NY 10017
                                                  Telephone: (212) 687-7230
                                                  Facsimile: (212) 490-2022
                                                  *emills@ssbny.com*

                                                  Major Khan
                                                  **MAJOR KHAN LLC**
                                                  20 Bellevue Street
                                                  Weehawken, NJ 07086
                                                  Telephone: (646) 546-5664
                                                  Facsimile: (646) 546-5755
                                                  *mk@mk-llc.com*

                                                  **Attorneys for Robert M. Cominsky,
                                                  Barbara Pegues, Sharon Creel
                                                  and Peter J. Zeman**